UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN A. KIVI,

        Plaintiff,

      v.                                    Case No. 25-cv-1104-bhl

CO ROJAS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Nathan A. Kivi, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Kivi's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Kivi has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Kivi has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $8.49. The Court will grant Kivi's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Kivi is an inmate at the Waupun Correctional Institution. Dkt. No. 1. Defendants are Correctional Officer (CO) Rojas, Food Service Administrator (FSA) Dan Boushka, and Warden Brad Mlodzik. *Id.* at 1-2. On March 20, 2025, CO Rojas delivered Kivi's dinner, which included

a salad and a large packet of French Dressing. *Id*. at 3. After eating most of the salad, Kivi noticed a rancid taste in his mouth. *Id*. He checked the date of the salad dressing which listed a "best by" date of 1/23/25. *Id*. Kivi notified CO Rojas and FSA Boushka that the salad dressing he received was two months expired. *Id*. at 3-4. FSA Boushka responded that "they rotate salad dressing stock weekly and there is no way it could be past date." *Id*. at 4. As a result of the incident, Kivi experienced headaches, nausea, vomiting, and diarrhea. *Id*. For relief, Kivi seeks monetary damages. *Id*. at 6.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a conditions-of-confinement claim under the Eighth Amendment, Kivi must allege: (1) conditions so adverse that it deprived him of "the minimal civilized measure of life's necessities;" and (2) that the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). The necessities of life include food, clothing, reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). "Deliberate indifference…means that the official knew that the inmate faced a substantial risk of serious harm and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773.

Kivi's allegation that he was served expired salad dressing at dinner on March 20, 2025 fails to state an Eighth Amendment claim. First, receiving expired salad dressing on just a single occasion is not an objectively serious risk of harm and does not deny him of the minimal civilized

3

measure of life's necessities.  *See e.g., Ingram v. Cunningham*, No. 20-CV-1313-RJD, 2021 WL 1890015, at *3 (S.D. Ill. May 11, 2021) ("[I]t is questionable whether a single incident of serving inmates expired food rises to the level of a constitutional violation."); *see e.g., Sims v. Thompson*, No. 20-CV-336-MAB, 2021 WL 1208905, at *3 (S.D. Ill. Mar. 31, 2021) ( "[T]his single incident [of moldy food] does not amount to a serious deprivation of nourishment or a substantial threat to an inmate's health…").  Kivi does not allege that he was denied food altogether (only that his salad was allegedly inedible on a single day) nor does he allege that he was routinely served expired and/or inedible food.  Kivi may have had one unpleasant experience on March 20, but that comes nowhere close to depriving him of "the minimal civilized measure of life's necessities."  Second, even if the expired salad dressing was an objectively serious condition, there is nothing to suggest that any of the defendants knew that the salad dressing had expired and still decided to serve it anyway in disregard of any risk it presented.  Toward that end, Kivi alleges no facts at all about how Warden Mlodzik would have been involved in the situation.  Kivi's allegations in the original complaint amount to nothing more than negligence, which does not state a claim under §1983.  *Daniel v. Williams*, 474 U.S. 327, 328 (1986);  *Kyles v. Mohr*, No. 24-1859, 2025 WL 1672873, at *2 (7th Cir. June 13, 2025) ("But merely negligent conduct is not enough to sustain a constitutional claim under § 1983.").  Therefore, the Court will dismiss the original complaint for failure to state a claim.

The dismissal is not final, however.  As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint.  *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021).  The Court will therefore give Kivi an opportunity to file an amended complaint to cure the deficiencies described above.  The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen.  The Court also will include a blank prisoner amended complaint form.  The Court will require Kivi to use that form to file his amended complaint.  *See* Civ. L. R. 9 (E.D. Wis.).  Kivi is advised that

4

the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Kivi files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Kivi does not file an amended complaint, the Court will dismiss this case.

## Conclusion

**IT IS THEREFORE ORDERED** that Kivi's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim. Kivi may file an amended complaint that complies with the instructions **within 30 days of the date of this order**. If Kivi files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Kivi does not file an amended complaint by the deadline, the Court will dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Kivi a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Kivi shall collect from his institution trust account the **$341.51** balance of the filing fee by collecting monthly payments from Kivi's prison trust account in an amount equal to 20% of the preceding month's income credited to Kivi's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall

be clearly identified by the case name and number assigned to this action. If Kivi is transferred to another institution, the transferring institution shall forward a copy of this Order along with Kivi's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Kivi is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 16, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge